WILLIAM H. SCHUCK, PROSECUTOR, v. BOROUGH OF STONE HARBOR, RESPONDENT.

Argued July 16, 1915—Decided July 21, 1915.

A special election in the borough of Stone Harbor for the adoption of a bond issue in compliance with section 41 of the Borough act (*Pamph. L.* 1910, *p.* 205), and section 85 of the General Election act (*Pamph. L.* 1898, *p.* 237), is legal. The act of 1911, page 276, known as the Geran act, does not apply. It is not necessary that a blanket ballot be used; separate ballots may be used at such an election.

On *certiorari*.

Before Justice BLACK.

For the prosecutor, *Joseph B. Tyler*.

For the respondent, *Lewis T. Stevens* and *Lewis Starr*.

The opinion of the court was delivered by

BLACK, J. This writ of *certiorari* removes for review an ordinance passed May 17th, 1915, by the respondent, with

reference to the issue of bonds to build a boardwalk and the election held on May 10th, 1915, for the adoption of a bond issue provided for in said ordinance. The election held May 10th, 1915, for the adoption of a bond issue was intended to be in compliance with section 41 of the Borough act (*Comp. Stat., p.* 252; *Pamph. L.* 1910, *p.* 205) and section 85 of the General Election act of 1898, pages 237, 280, and not in compliance with the act of 1911, page 276, which is known as the Geran act. This latter is a supplement to the General Election act of 1898. The principal question, then, for decision is, which of these acts apply to a special election for the adoption of a bond issue in a borough?

The specific ground of attack against the validity of the ordinance is the fact, that at the special election, held to pass upon the question of the bond issue, separate ballots were used. These ballots were identical in size and general character, except that one was in favor of the bond issue and the other was against the proposition. In other words, the claim is made that a blanket ballot should have been used, the same as in primary and general elections under the Geran act. *Pamph. L.* 1911, *p.* 276. The Geran act, section 58, provides for submitting any question or proposition to the people of the state "at any primary or general election." There seems to be no provision in the act prescribing the method of conducting special elections, and there is no express repealer of the General Election act of 1898, page 237. It would therefore seem to follow that the Borough act (*Comp. Stat., p.* 252, § 41) and section 85 of the General Election act of 1898, page 237, were in force, and an election held in compliance with such statutes is legal.

This ordinance cannot be set aside on that ground, but it is further urged that even though the provisions of the Borough act, above cited, apply to this election, a single ballot only is permissible. I am unable to put this construction upon the act. The other reasons urged for setting aside the ordinance are without legal merit.

The validity of the ordinance will therefore be affirmed, with costs.